IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02321-MSK-CBS

EVERETTE A. JONES,

    Plaintiff,

v.

ROBERT M. GATES, Secretary, Dept. Of Defense,

    Defendant.

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court on Defendant Robert M. Gate's Motion for Summary Judgment **(#26)**, to which no response was filed. Having considered the same along with the Complaint **(#8)**,[1] the Court **FINDS** and **CONCLUDES** the following.

**I.  Jurisdiction**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The Court is mindful that Plaintiff Everette A. Jones is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## II.   Issue Presented

The Plaintiff alleges that he was unlawfully denied sick leave and terminated on the basis of race, color, and disability, and in retaliation for engaging in protected activity.  The Defendant moves for summary judgment, arguing that the Plaintiff cannot demonstrate all of the elements of his claims.

## III.   Material Facts

The Court has reviewed the Defendant's Motion and supporting exhibits and the Plaintiff's Complaint.  Generally, on a motion for summary judgment, the Court construes all disputed facts most favorably to the non-movant, here the Plaintiff.  In this case, however, the Plaintiff has not responded to the Motion for Summary Judgment. In accordance with its duty to liberally construe a *pro se* litigant's pleading and to construe all fact in the light most favorable to the non-movant, the Court shall treat the allegations in the Complaint for which the Plaintiff has personal knowledge as having been attested to under penalty of perjury.  The undisputed material facts are as follows.

The Plaintiff is a veteran with an injury that reduces his mobility.  In 2006, the Plaintiff was employed by the federal government as a meat cutter helper at the Buckley Air Force Base Commissary.  The Plaintiff's immediate supervisor was Paul Bell.

In mid-May 2006, Mr. Bell stated that the Plaintiff was "slow", but he observed that Ron, a white co-worker of the Plaintiff's, was a "star for beef & pork grinding."  In July 2006, the Plaintiff notified Mr. Bell that he had aggravated his preexisting injury and, therefore, was unable to work.  On August 1, 2006, the Plaintiff submitted a form stating that for medical reasons his work activity should be limited to sitting and not lifting more than ten pounds for a

period of three weeks. Because this request could not be accommodated, the Plaintiff was authorized to use his sick leave for the period from July 25, 2006 through September 16, 2006.[2]

When the Plaintiff returned from sick leave, he was suspended for five days for undisclosed reasons. At the time of the suspension, Mr. Bell whispered to the Plaintiff "it didn't have to go this far." No explanation of the meaning or purpose of this statement was made.

The Plaintiff was scheduled to return to active work duty on September 22, 2006, but did not report. Instead he filed an "I6 Complaint". No information about the contents or resolution of the I6 Complaint has been provided.

Pursuant to the employer/agency's sick leave policy, absences of more than three consecutive days require the submission of medical documentation with the following information: (i) the type of health condition requiring leave and the date it commenced; (ii) a general statement as to the employee's condition; (iii) whether the employee is presently incapacitated for duty; and (iv) the expected duration of the condition and the date that the employee can be expected to return to duty. In accordance with this policy, on Oct. 6, 2006, Mr. Bell sent the Plaintiff a letter informing him that he had been placed on AWOL status after he failed to report to work following his suspension. The letter further stated that the medical documentation provided by the Plaintiff in August 2006 was insufficient to support his continued absence from work. It set a date by which the Plaintiff was expected to return to work or to submit the medical documentation necessary to support continued sick leave. Mr. Bell sent a second, similar letter to the Plaintiff on October 11, 2006.

---

[2] This is a period of approximately seven weeks. There is no explanation for the discrepancy between the amount of time the Plaintiff stated that he needed to be on limited work duty and the amount of sick time authorized.

The Plaintiff did not respond. Mr. Bell then sent a third letter on December 13, 2006 advising the Plaintiff that his sick leave was denied[3] for failure to provide medical documentation and ordering the Plaintiff to report to work.

The Plaintiff did not report to work, nor did he contact the employer/agency until February 2007. On that date, he sent a letter to Mr. Bell stating that his medical restrictions remained constant and inquiring as to what work was available. He provided a form from the Veteran's Administration ("VA") stating that he had visited the orthopedics clinic on February 6, 2007 and that he was required to either be excused from work or have his activities limited to "Sitting [illegible]," with a limited time on his feet during which he must use a cane. The form did not specify the injury or condition resulting in these limitations nor define the duration for the limitations imposed.

Mr. Bell responded by letter stating that if the Plaintiff was requesting a reasonable accommodation based on his medical condition, he must supply additional information and documentation regarding the nature of his disability. Mr. Bell also advised the Plaintiff that he had failed to supply sufficient medical documentation for approval of sick leave and requesting that he do so. At some unidentified point during this time, an unidentified person heard Mr. Bell say that it didn't matter how the Plaintiff requested leave, he was AWOL.

---

[3] Neither the Defendant's factual recitation nor the Plaintiff's allegations include any description of a formal request for sick leave made by the Plaintiff. However, in accordance with liberal construction of the Plaintiff's pleadings, the Court understands him to allege that he sought approval for the use of his sick leave for the time period after September 22, 2006 in some manner.

On January 10, 2008,[4] Mr. Bell sent the Plaintiff a "Notice of Proposed Removal" that stated that the Plaintiff had been AWOL since September 2007.[5] Effective February 22, 2008, the Buckley Air Force Base Commissary Manager removed the Plaintiff from his federal employment. The Plaintiff appealed this decision to the Merit Systems Protection Board ("MSPB"). The MSPB Administrative Judge affirmed the termination on December 12, 2008. The Plaintiff then appealed to the full MSPB, which affirmed the termination in May 2009. Finally, the Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC"). The EEOC denied his appeal on August 18, 2009.

Although the Complaint is somewhat unclear, it appears that the Plaintiff asserts three causes of action based on the denial of authorization to use his sick leave and his ultimate termination from federal employment: (1) racial discrimination; (2) discrimination based on a disability; and (3) retaliation for engaging in protected activities, namely, filing an "I6 Complaint." The Plaintiff seeks restoration of all of his annual and sick leave that was used during the period the employer/agency considered him AWOL, compensatory damages for back pay and pain and suffering, and reinstatement to federal service.

### IV.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

---

[4] The Defendant's factual recitation does not include any detail as to any correspondence between the Plaintiff and the employer/agency between April 2007 and January 2008.

[5] Although the factual recitation and letters to the Plaintiff indicate that he was AWOL since September 2006, the letter states September 2007. Such discrepancy, however, is not material to determination of the issues.

Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

When the moving party does not have the burden of proof at trial, it must point to an

absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## V. Analysis

As to each of the Plaintiff's claims, the traditional burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), is applicable. *See EEOC v. BCI Coca-Cola Bottling Co. of L.A.*, 450 F.3d 476 (10th Cir. 2006) (applying *McDonnell Douglas* to racial discrimination claims under Title VII); *Cummings v. Norton*, 393 F.3d 1186, 1189 n.1 (10th Cir. 2005) (noting that claims under the Rehabilitation Act are subject to the *McDonnell Douglas* framework); *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2009) (applying *McDonnell Douglas* to retaliation claim). Under the *McDonnell Douglas* framework, a plaintiff bears the initial burden of presenting a *prima facie* claim of discrimination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). If the plaintiff makes an evidentiary showing sufficient for a *prima facie* case, the burden shifts to the defendant to articulate some "legitimate, nondiscriminatory reason" for its action. *See id.* at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant presents such a reason, then the plaintiff bears the ultimate burden of showing that these proffered reasons are merely pretext for unlawful discrimination. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000). The plaintiff can meet this burden by showing that the proffered reasons are so inconsistent, implausible, incoherent, or contradictory, that they are unworthy of

belief. *See Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004).

The Defendant argues both that the Plaintiff cannot establish a *prima facie* case and that he cannot establish that the Defendant's legitimate, non-discriminatory reasons for taking the adverse employment actions were merely pretext for discrimination with regard to any claim. The Court turns first to the *prima facie* elements of each claim, then considers the pretext argument for all of the claims on a collective basis.

A. Unlawful Discrimination based on Race

Although the specific articulation of the elements necessary to establish a racial discrimination claim varies among courts, it is generally understood that a plaintiff must come forward with evidence to prove four elements: (i) membership in a protected class; (ii) that the employee was qualified for the position and performing satisfactorily in the position; (iii) an adverse employment action; (iv) that the adverse employment action was taken under circumstances giving rise to an inference of discrimination, which may take the form of a showing that the employee was subjected to disparate treatment from other similarly situated employees. *See Carney v. City & County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008); *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004).

The Defendant challenges the Plaintiff's showing as to the second and fourth elements - that he was qualified for the position and was performing satisfactorily, and that the adverse employment action was taken under circumstances giving rise to an inference of discrimination. The Defendant contends that the undisputed facts show that the Plaintiff was not performing his job satisfactorily because he was absent from work without authorization and that the alleged adverse employment actions, the denial of sick leave and termination, did not occur under

circumstances giving rise to an inference of discrimination because the actions were due solely to the Plaintiff's failure to comply with the employer/agency's requirement for authorization of sick leave and consequent placement on AWOL status.

Assuming that the Plaintiff was qualified for the position, there is no evidence that he was performing satisfactorily. To the contrary, the only evidence is that his superior characterized his performance as slow.

The more critical deficiency, however, is that there is no evidence correlating the Plaintiff's termination or denial of sick leave with his race. The only evidence of possible racial animus is found in Mr. Bell's rating of the Plaintiff's a white worker as a "star", in comparison to the Plaintiff's rating as slow. It is not clear that the rating was related to race, but assuming it was, there is nothing in the record that ties it, or repeats such animus, in the context of denial of the Plaintiff's continuing medical leave or ultimate termination.  Mr. Bell's comment "it didn't have to go this far" is too oblique to display animus, especially without any explanation as to the rationale for Plaintiff's suspension. Mr. Bell's statement that "it didn't matter what the Plaintiff provided, he was AWOL."  is loosely tied to Plaintiff's termination if only by its subject matter, but it does not circumstances suggestive of racial discrimination.

Rather the undisputed facts show that the Plaintiff failed to report to work as scheduled on September 23, 2006 and thereafter. He was sent numerous letters advising him of the information needed to retain his employment but remain on sick leave. He never submitted the required information. The evidence on and after September 23, 2006 demonstrates that the Plaintiff's termination was based on his AWOL status. There is nothing suggesting that the

termination in 2008 was related to the Plaintiff's race.[6]  Thus, the Court finds that there is insufficient evidence to establish the second and fourth elements of Plaintiff's first claim for relief.

B.  Unlawful Discrimination based upon Disability

A *prima facie* claim for unlawful discrimination based upon disability requires that the Plaintiff come forward with evidence to establish the following four elements: 1) that the plaintiff is disabled under the Rehabilitation Act; (ii) that the plaintiff is "otherwise qualified" to perform his job; (iii) that the employer is a federal agency; and (iv) the employer has discriminated against the plaintiff.  *See Cummings v. Norton*, 393 F.3d 1186, 1189 (10th Cir. 2005); *McGeshick v. Principi*, 357 F.3d 1146, (10th Cir. 2004).  The Defendant challenges the Plaintiff's showing with regard to the fourth element—that he was discriminated against, either in the denial of sick leave or his termination, because of his disability.  The Defendant also submits that the evidence demonstrates that these actions were taken for legitimate, non-discriminatory reasons.

---

[6] In the Complaint, the Plaintiff refers to a regulation and an executive order, but neither suggest that the decision to terminate the Plaintiff was related to his race.  The federal regulation requires an agency to grant sick leave under certain conditions (including when the employee is incapacitated for the performance of his or her duties by physical or mental illness), 5 C.F.R. § 630.401(a), is accompanied by a companion provision that provides that the agency may grant sick leave only when the request is supported by "administratively acceptable evidence." *See* C.F.R. § 630.405.  For absences that are three days or longer, the agency may require a medical certificate or other administratively acceptable evidence as to the reason for the absence.

Executive Order 5396, which generally is directed at the effect of authorized sick leave for disabled veterans affects efficiency ratings, provides that the authorization for the use of sick leave is dependent on "the presentation of an official statement from a duly constituted medial authority that medical treatment is required."

Given the Defendant's argument, the Court assumes that the Plaintiff was disabled[7], and that he was "otherwise qualified" to perform his job[8]. The problem is that the Plaintiff did not demonstrate this to his employer. The record shows that the employer repeatedly requested information about the Plaintiff's disability, how it would affect his work, and how long it would last. Without this information, the employer could not determine the Plaintiff's ability to perform his work or how he might be accommodated. Based on this record, it appears that the employer's denial of sick leave and ultimate termination was due Plaintiff's failure to supply the requested information rather than his disability. Thus, the Plaintiff has not met his initial burden to demonstrate a *prima facie* case on this claim.

C. Retaliation

As to a claim for unlawful retaliation, the Plaintiff is required to come forward with evidence sufficient to support three elements: (i) that he engaged in protected opposition to discrimination; (ii) that a reasonable employee would have found the challenged action materially adverse; and (iii) a causal connection between the protected activity and the materially adverse action. *See Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1265 (10th Cir. 2009). The Defendant contends that the Plaintiff is unable to show a material dispute regarding a causal connection between the adverse actions and the protected activity.

The Court agrees with the Defendant. Assuming that the filing of an I-6 Complaint was

---

[7] The Court notes, however, that it is far from clear what the nature of the Plaintiff's disability was.

[8] This too is in question, as the Plaintiff repeated submitted statements showing that he could not perform his job, and he makes no allegation that there was a reasonable accommodation that the employer could make given his physical restrictions.

11

protected activity, there is no evidence to link it to the Plaintiff's denial of sick leave and ultimate termination. There is no evidence as to what was in such complaint, who was aware of it, how it was resolved, when or by whom. In the absence of all of these factual attributes, it is impossible to find a causal connection between the complaint and the adverse action.

        D. Legitimate, non-discriminatory reasons for denial of sick leave and termination of employment

Even if there had been a *prima facie* showing for any of Plaintiff's three claims for relief, summary judgment in favor of the Defendant would be appropriate based on the final burden in the *McDonnell Douglas* burden-shifting framework. The adverse actions complained of in each claim are the denial of his request for authorized sick leave and his ultimate termination from employment. The Defendant has provided legitimate, non-discriminatory reasons for taking these measures, namely, that the Plaintiff failed to provide the medical documentation for his sick leave as required by employer/agency policy and that he failed to report to work for over sixteen months. There simply is no evidence to the contrary, or evidence which could be construed as suggesting that these reasons were merely pretext for unlawful discrimination. Accordingly, entry of summary judgment in favor of the Defendant on all three claims is also appropriate.

        **IT IS THEREFORE ORDERED** that

        (1)     Defendant Robert M. Gate's Motion for Summary Judgment **(#26)** is **GRANTED**.

(2)   The Clerk of Court is directed to enter judgment on all claims in favor of Defendant Robert M. Gates and against Plaintiff Everette A. Jones and then to close the case.

Dated this 2nd day of August, 2011

                                      **BY THE COURT:**

                                      Marcia S. Krieger
                                      United States District Judge